Norris, J.
The relator, Calvin L. Moore, was, at the March Term, 1897, of the court of common pleas of this county, convicted of assault and battery. His motion for anew trial having been overruled, he came before the court for sentence.
He had been admitted to bail, and up to that time was appearing upon his recognizance.
For his sentence, it was considered by the court that he “be imprisoned in the jail of Hancock county for the term of twenty days, and that he pay a fine of twenty-five dollars to the state of Ohio, and the costs of this proceeding,and to stand committed until said fine and costs are paid.’’ Such is the judgment and sentence of the court, and no further order is made in the case. The prisoner, not in the custody of an officer, repaired to the office of the sheriff of this *239 ■county, and that officer took him in. charge. No order placing him in the custody of the sheriff was made by the court, and the sheriff received no record of conviction, and at no time has had in his hands any written authority ■emanating from said court for his detention.
The time of the sentence commenced on the 27th of April, 1897,the duration of the sentence was twenty days. This term ■he has served in the county jail,and the period has expired. The fine of $25.00 assessed against him and the costs of prosecution all remain unpaid. Upon the judgment no execution has been issued. He is still under the custody of the sheriff, imprisoned in the jail of this county; he is a boy eighteen years old, indigent, with no property or means *of any kind wherewith to discharge this penalty.
On the 20th day of May, or immediately before that date, 'this petitioner made application to the auditor of this county, ■seeking discharge from imprisonment under the provisions ■of section 1028 of the Revised Statutes Upon that application, such representations were made by him as that the auditor found that the term of his sentence had expired that it is clear that the fine and costs imposed by the court ■can not be collected from him personally, and that a refusal to discharge until this penalty is paid, in no wise will render ■collection from the petitioner probable or possible.
Conceding this, the auditor refused to discharge him, with the remark that the prisoner has relations who are able and should be willing to help him in this emergency, ■and with the further consideraton, that justice to the tax payers and people demanded that he be imprisoned such •time in jail as will serve to compensate in punishment the amount of this fine and costs How long the auditor wills this to continue, or by what measurement of time its period ds to be computed, he does not say. It is, however, certain, *240 that whatever remedy the petitioner may have hope for, under section 1028, is for the present time, at least, exhausted. And though relator is not estopped from again appealing to the officer when the auditor may feel less like Brutus and more like the Divine Master, he institutes this proceeding in habeas corpus that inquiry be made as to the cause of his restraint and detention.
It is urged, that by reason of having no written authority, and not having been turned over to the sheriff in open court, the custody of the sheriff over the person of relator is illegal.
This position does not bear analysis. The sheriff is the executive officer; he is the physical force,the right hand, of the court; when the court pronounced sentence upon the defendant, the sheriff was his rightful custodian, and when he obtained custody of him, in whatever manner, his authority to restrain him evidenced by the sentence of the court, was complete.
When it is made clearly to appear to him that a fine or amercement can not be collected by imprisonment, the auditor of the county may discharge from imprisonment any person who is confined in the county jail, for non-payment for such fine or amercement.
Now, counsel for relator argue, and not without some degree of reason, that this section of the statutes is mandatory upon the auditor; that having in contemplation the highest rights of the citizen, the word “may'’ as here used, means “must,’’ and that when the auditor sees that longer restraint is futile, he is commanded to set at liberty the person so imprisoned.
If this be true, habeas corpus is not the petitioner’s remedy.
If it be specially enjoined upon the auditor, as a duty resulting from his position and office, upon the existence of certain facts, then the course of relator is by mandamus, and not by habeas corpus.
*241 B.ut it can scarcely be reconciled with consistency and common sense that the law would impose a solemn duty upon a court to pronounce judgment and sentence, and at the same time, station an officer at the other end of the line, whose duty it is, just as obligatory, and just as solemn,- to undo and make ineffectual, without any discretion in the premises, the very act the law most specifically enjoins upon the court to perform. I hardly think this can be intended, and so hold that section 1028 is not mandatory upon the auditor.
The county commissioners may compound or release any fine, or debt, or judgment due the county.
This fine is, by the terms of this sentence, made payable to the state of Ohio, and though fines are to be paid into the county treasury to the credit of the general county fund, yet the commissioners might well consider afine payable as this sentence indicates, not a subject of compound and release by them.
A commissioner of insolvents may, under certain conditions, afford, in a measure, relief from imprisonment for non-paymennt of fine and costs. There is 'no commissioner of insolvents in Hanncock county, and if there were, when the prisoner is under sentence, such as the law contemplates this to be, he is specifically excepted from the benefits of those provisions and from the jurisdiction of the commissioners of insolvents.
Where the sentence of a court is erroneous in part, error may be prosecuted to the part which is erroneous, and- this to the exclusion of relief by habeas corpus.
The prosecution of error contemplates the correction of that part of a proceeding which is wrongful and illegal.
The prosecution of error is the pursuit of a remedy which restores the aggrieved party to a position where the rights that have been denied him, may be accorded to him in the re-trial of his case.
*242 But here is an instance where the reversal of the judgment and further proceedings in the court below never can restore him. He has served out the penalty of imprisonment which the law inflicted upon him, and after having done this, he has so far complied with the order which the court made against him, for the purpose of rendering the further punishment effective, as to convince the only authority whose attention he could call to the subject, the county auditor, that further compliance upon his part, is not necessary to establish the fact that it is not within his power to perform the further penalty inflicted. In an instance like this, error can afford no remedy, and the law does not drive a man to do an idle thing. So here is a citizen in jail for life, or at the will of a fellow citizen who fills a public office, for this sentence — as the California courts would call it, is a “coin sentence,” — he is there until he pays. The imprisonment which he is now undergoing, is no longer penalty. It is not punishment for a crime; it is the means used to compel him to acquit himself of the balance of the sentence, viz: To pay the fine and the costs which the auditor says he can not do, and has no prospect of being able to do. The law-making power never intended a man to be placed in a situation like this, and the law does not accord to a citizen a right without the means of securing it to him. The statute says, that when it comes to pronouncing judgment, the court shall pronounce the judgment provided by law. The judgment which the law provides upon the verdict in the relator’s case,is a fine and imprisonment, and payment of costs, with the further order, ■at the court’s discretion, “that he remain confined in the •county jail until the fine and costs are paid, or secured to be paid, or he be otherwise legally discharged.” When the court seeks to enforce a penalty by commitment, the •conditions of release are here laid down, and the defendant .has the right not to any one of these conditions alone, but *243 .to all of them. The order in this case is, “that he stand committed until the fine and costs are paid,” with no further conditions and no further terms.
Neither of these conditions are included in this' sentence —unintentionally,no doubt,for I know the trial judge to be painstaking and conscientious, and learned.
The auditor says he will not discharge defendant because some of his friends are able to help him, and may at some indefinite period do so. His friends might, if they saw fit, secure the payment of this fine, but this sentence, on its face, precludes his friends from securing the payment of this fine,
The kind and extent of security is not defined, but it must, no doubt,be to the satisfaction of the officer accepting it. The relator might, himself, have some means of satisfying the officer that his fine and costs would be paid; but this sentence, on its face, precludes the officer from acling upon that belief or conviction; so he might be able to comply with the law, but it does not. He might otherwise, than by payment or security, be legally discharged, but that is just what this sentence on its face precludes. ■ And indeed,the auditor — and I simply quote him to illustrate,— considers that, in the face of this sentence, his duty is to refuse relief.
It may be deemed that a court, before which this sentence might be brought for construction, should the petitioner offer security, would construe the sentence so as to include these conditions. The import and meaning of a judgment is determined by the light which the record affords. You must look to the record for its terms.
A sentence in a criminal case must be so complete as that the offender, while suffering the penalty of the law, may still have preserved to him any contemplated rights or conditions. It must be so complete as to need no construction of a court to ascertain its import. It must beso com *244 píete, as that he may not have to look between the lines for its meaning, and it cannot be supplemented by a nonjudicial or ministerial officer. In other words, a man who is compelled to have a law-suit to get into jail, ought not, by reason of uncertainty of his sentence, be compelled to have another law-suit to get out. It may be that the term of this defendant’s imprisonment was not adequate to the gravity of his offense; but the court below who heard the testimony and who knows the facts, has placed that point beyond controversy; but, whatever be a man’s merits, or demerits, his punishment must be always legal, and when not so, a crime, bowevevr unintentional, is being committed in the name of the law against every citizen, because if one man can be thus imprisoned, so can another, and no one can say whose turn will come next.
To deny this writ, would he to enforce this incomplete order; to return this boy to jail, would be to inflict upon him imprisonment which it is conceded, can avail nothing in collecting this fine and costs. To remand him tn the custody of the sheriff, would be to start him in search of a remedy which he would never find, while to discharge him from custody, does not set aside -the penalty,nor forgive the debt which will still confront him, and will continue so to do until it is paid. The relator is discharged, and the costs of these proceedings is adjudged against .the state.